# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **XTO ENERGY INC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:20-cv-00775-P** |
| **FRONTIER DRILLING, LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER AND OPINION</u>

Before the Court are cross motions for summary judgment. ECF Nos. 40–41, 42–43, 48–49, 50–51. Having reviewed each motion and their respective briefing, responses, and replies, the record, and the applicable law, the Court finds that XTO Energy Inc. ("XTO"), Cody Kirkpatrick, Kirkpatrick Oilfield Services, Inc., Johnny Noel Macon, Jr., RigUp, Inc., Rusco Operating, LLC, and Texoma Safety Consulting, LLC's Motions for Summary Judgment should be and are hereby **GRANTED** for the reasons stated below. Consequently, the Court finds that Frontier Drilling, LLC ("Frontier") and Great Northern Insurance Company's ("Great Northern") Motion for Summary Judgment[1] should be and is hereby **DENIED.**

---

[1]Frontier filed a Joinder to Great Northern's Motion for Summary Judgment on November 20, 2020. ECF No. 46. Having considered the Joinder Motion, docket entries, and applicable law, the Court finds that the Joinder Motion should be and is hereby **GRANTED.**

# FACTUAL BACKGROUND

## A.     Factual Overview

This case arises out of a master service agreement—International Association of Drilling Contractors (IADC) Drilling Bid Proposal and Daywork Drilling Contract—between Frontier and XTO ("Frontier-XTO MSA") for Frontier to furnish certain equipment, labor, and services as requested by XTO for its drilling operations. J.A. Ex. D, ECF No. 44-4; Nt. of Removal Ex. F (Orig. Pet.) at ¶ 14, ECF No. 1-6. XTO brought this lawsuit seeking a declaratory judgment against Frontier and Great Northern requiring Frontier and Great Northern to defend and indemnify XTO's contractors and subcontractors—Rusco Operating, LLC, RigUp, Inc., Cody Kirkpatrick, Kirkpatrick Oilfield Services, Inc., Johnny Noel Macon, Jr., and Texoma Safety Consulting, LLC ("Rusco Group")—in accordance with the Frontier-XTO MSA in an underlying wrongful death lawsuit.

## B.     Frontier-XTO MSA: Defense and Indemnity

On December 1, 2016, Frontier and XTO entered the Frontier-XTO MSA designating Frontier as the "Contractor" and XTO as the "Operator," which contained an indemnity agreement requiring Frontier and XTO to defend and indemnify each other for causes of actions brought by their own employees or subcontractors of any tier or their employees. XTO and Rusco Group Supp. App'x Ex. Q at 7, ECF No. 47-10; J.A. Ex. D at 1-11. In paragraph 14.8 of the Frontier-XTO MSA, Frontier explicitly agreed to defend and indemnify XTO from and against all claims brought by Frontier's employees or its subcontractors. J.A. Ex. D at 4. These duties are "without regard to and without any right

to contribution from any insurance maintained by [XTO]." J.A. Ex. D at 4. Specifically, paragraph 14.8 states:

> 14.8 Contractor's [Frontier's] Indemnification of Operator [XTO]: Contractor shall release Operator of any liability for, and **shall protect, defend and indemnify Operator from and against all claims, demands, and causes of action of every kind and character** . . . arising in connection herewith in favor of Contractor's employees or Contractor's subcontractors of any tier . . . on account of bodily injury, death or damage to property. **Contractor's indemnity under this Paragraph shall be without regard to and without any right to contribution from any insurance maintained by Operator pursuant to Paragraph 13.**

*Id.* (emphasis added).

Paragraphs 14.13 and 27.11 extend the indemnities to contractors, subcontractors, insurers of each, and others. *Id.* at 5, 16. Further, paragraph 27.11 provides XTO's contractors and subcontractors of every tier, and their agents, employees, among others, the "benefits of [XTO]." *Id.* at 16. Specifically, paragraphs 14.13 and 27.11 state the following:

> 14.13 Indemnity Obligation: Except as otherwise expressly limited in this Contract, it is the intent of parties hereto that all releases, **indemnity obligations and/or liabilities assumed by such parties under Subparagraphs 14.1 through 14.12 hereof, be without limit and without regard to the cause or causes thereof**, including but not limited to, pre-existing conditions, defect or ruin of premises or equipment, strict liability, regulatory or statutory liability, products liability, breach of representation or warranty (express or implied), breach of duty (whether statutory, contractual or otherwise) any theory of tort, breach of contract, fault, the negligence of any degree or character (regardless of whether such negligence is sole, joint or concurrent, active, passive or gross) of any party or parties, including the party seeking the benefit of the release, indemnity or assumption of liability, or any other theory of legal liability. **The indemnities, and releases and assumptions of liability extended by the parties hereto under the provisions in Subparagraph 14 shall inure to the benefit of such parties . . . representatives, employees, consultants, agents, servants, contractors, subcontractors and insurers of each . . . .**

***

> 27.11 Addition to Paragraph 14.13. ***The indemnifications of Section 14 of this Agreement in favor of Operator shall extend to Operator and Operator's other protected parties under this Contract. Operator's*** parent, subsidiary and affiliate companies, its ***contractors and subcontractors of every tier, and its and their agents, employees, directors, officers, managers, representatives, servants, invitees, and consultants are given the benefits of Operator . . . .***

*Id*. at 5, 16 (emphasis added).

## C.    Frontier-XTO MSA: Insurance

The Frontier-XTO MSA also required Frontier and XTO to obtain liability insurance or self-insurance to support the mutual indemnification. *See Id*. at 16. Specifically, as to Frontier, the insurance requirement is as follows:

> 13. **INSURANCE**
>
> During the life of this Contract, Contractor shall at Contractor's expense maintain, with an insurance company or companies authorized to do business in the state where the work is to be performed or through a self-insurance program, insurance coverages of the kind and in the amount set forth in "special provisions continued," supporting the insurable risks and liabilities specifically assumed by Contractor in this Contract . . . . For liabilities assumed hereunder by Contractor, its insurance shall be endorsed to provide that the underwriters waive their right of subrogation against Operator . . . . Operator and Contractor shall cause their respective underwriters to name the other additionally insured but only to the extend [sic] of the indemnification obligations assumed herein.

***

> 27.10 **Addition to Paragraph 13.**
>
> *The insurance protection hereunder in favor of Operator shall extend to Operator and Operator's other protected parties under this Contract. Operator's…contractors and subcontractors of every tier, and its and their*

4

*agents, employees,* directors, officers, managers, representatives, servants, invitees and consultants *are given the benefits of Operator . . . .*

All insurance policies required of Contractor, in any way related to the work and whether or not required by this Contract, shall, but only to the extent of the risks and liabilities assumed by Contractor in this Contract *(1) name Operator and Operator's other protected parties under this Contract as additional insured… (2) waive subrogation against Operator and Operator's other protected parties under this Contract and (3) be primary and non- contributory to any insurance of Operator and Operator's other protected parties under this Contract.*

\*\*\*

27.11 **Addition to Paragraph 14.13.**

. . . .

Contractor and Operator agree that each will support its mutual indemnity obligations with liability insurance or self-insurance obtained for the benefit of the other party (and its respective other protected parties under this contract) as indemnitees with minimum limits not less than the minimum limits required in Exhibit "C." Such insurance shall not limit the parties' indemnity obligations except to the extent mandated by applicable law.

*Id*. at 4, 15–16 (emphasis added to body of MSA).

The Frontier-XTO MSA emphasized Frontier's relationship to XTO as that of an independent contractor:

27.6 **Independent Contractor.** Contractor shall at all times be an independent contractor, and nothing in this Contract shall be construed as creating the relationship of principal and agent, or employer or employee, between Operator and Contractor or between Operator and Contractor's agents or employees. Contractor shall have no authority to hire any persons on behalf of Operator, and any and all persons whom Contractor may employ shall not be deemed employees of Operator. Contractor shall have control and management of the work, the selection of employees and the fixing of the hours of labor, and no right is reserved to Operator to direct or control the manner in which the work is performed, as distinguished from the result to be accomplished. Nothing herein contained shall be construed to authorize Contractor to incur any debt, liability, or obligation of any nature for or on behalf of Operator.

*Id*. at 14.

**D.     Great Northern Policy**

As required by the Frontier-XTO MSA, Frontier obtained a $2,000,000 commercial general liability policy ("Policy") from Great Northern—a subsidiary of Chubb Limited ("Chubb")—which was effective from June 1, 2017 to June 1, 2018. J.A. Ex. F at 203. The Policy's additional insured endorsement specifically states:

> Under Conditions, the following provision is added to the condition titled Other Insurance.
>
> If you are obligated, pursuant to a written contract or agreement, to provide the person or organization described in the Schedule (that is also included in the Who Is An Insured section of this contract) with primary insurance such as is afforded by this policy, ***then this insurance is primary and we will not seek contribution from insurance to such person or organization.***
>
> Schedule
>
> ANY PERSON OR ORGANIZATION BUT ONLY TO THE EXTENT SPECIFIED UNDER WRITTEN CONTRACT SIGNED PRIOR TO THE DATE OF AN OCCURRENCE COVERED BY THIS POLICY.

*Id*. at 293 (emphasis added).

> The Policy defines "insureds" in the following provision:
>
> Any person or organization designated below is an **insured;** but they are **insureds** only with respect to their liability arising out of your acts or failure to act.
>
> Designated Insured
>
> ANY PERSON OR ORGANIZATION BUT ONLY TO THE EXTENT SPECIFIED UNDER WRITTEN CONTRACT SIGNED PRIOR TO THE DATE OF AN OCCURRENCE COVERED BY THIS POLICY.

*Id.* at 287 (emphasis in original).

**E.      Rusco-XTO MSA and *Pinela* Suit**

On July 24, 2017, XTO and Rusco Operating, LLC ("Rusco") entered into the Rusco-XTO MSA which, *inter alia*, required XTO and the Rusco Group to release, defend, indemnify, and hold the other harmless from and against any claims resulting from the death of any members of the indemnitor's group. J.A. Ex. E at 1, 7–8. Rusco is a wholly owned subsidiary of RigUp, Inc. J.A. Ex. H at 1. Rusco had independent contractor agreements with Cody Kirkpatrick and Johnny Noel Macon, Jr. who entered into the contracts on behalf of themselves and their respective companies—Kirkpatrick Oilfield Services, Inc. and Texoma Safety Consulting, LLC. *Id.*

On August 28, 2017, while disassembling a derrick, Frontier employee Nicolas Pinela was struck by a beam and killed. Nt. of Removal Ex. E (Pinela Third Amended Petition) at 6–7. As a result of this incident, a wrongful death lawsuit ("*Pinela* suit") was filed January 8, 2020, in the 348th District Court in Tarrant County, Texas on behalf of Pinela's estate and his minor child against XTO, Entrec Cranes & Heavy Haul, Inc., and others. *See* Nt. of Removal Ex. E. Frontier—by and through its insurer Great Northern— agreed to and is providing XTO with defense and indemnity as to the *Pinela* suit. Great Northern MSJ Br. at ¶ 2. The *Pinela* suit is still pending. Nt. of Removal at 2.

**PROCEDURAL HISTORY**

XTO brought suit against Great Northern, Frontier, and the Rusco Group in the 17th District Court in Tarrant County, Texas for declaratory judgment on the Frontier-XTO MSA and seeking defense and indemnification for the Rusco Group in the *Pinela* suit. Nt.

of Removal Ex. B, ECF No. 1-2. Great Northern removed the case July 24, 2020, alleging improper joinder of the non-diverse Rusco Group defendants. *See* Nt. of Removal. XTO filed a motion to remand, which the Court denied and dismissed XTO's claims against the Rusco Group without prejudice because XTO made no claims against the Rusco Group as required by the Federal Declaratory Judgment Act.[2] Remand Order at 4–5. The Rusco Group then filed a motion to intervene, which the Court granted and filed the Rusco Group's Intervenor Complaint. Mot. to Intervene, ECF No. 36; Intervenor Compl., ECF No. 38; Order Granting Mot. to Intervene, ECF No. 39.

Each party filed motions for summary judgment, responses, and replies. The motions are now ripe for the Court's consideration.

## LEGAL STANDARD

Summary judgment is appropriate where the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate an issue as to the

---

[2]"Plaintiff only seeks declaratory relief under the Texas Declaratory Judgments Act [] and asserts no claims against the XTO Group Defendants. Accordingly, Plaintiff improperly joined RigUp and Rusco. Further, since the TDJA and the Federal Declaratory Judgment Act [] are merely procedural and create no substantive rights or causes of action, the XTO Group Defendants are all nominal parties, thus requiring dismissal." Remand Order at 4–5, ECF No. 35.

material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show sufficient evidence to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249.

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255. However, it is not incumbent upon the Court to comb the record in search of evidence that creates a genuine issue as to a material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party must cite the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Finally, when parties file cross motions for summary judgment, "we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *See e.g.*, *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 224 (5th Cir. 2020) (quoting *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014)).

## ANALYSIS

**A.    The Frontier-XTO MSA is valid because it falls under the § 127.005 exception of the Texas Oilfield Anti-Indemnity Act.**

XTO alleges that the Frontier-XTO MSA is controlled by the Texas Oilfield Anti-Indemnity Act ("TOAIA"), and that the indemnity section is valid under section 127.005(a). XTO MSJ Br. at ¶¶ 1, 14–15; Civ. Prac. & Rem. Code §§ 127.001–.007. In promulgating the TOAIA in 1973 and then codifying it as chapter 127 of the Texas Civil Practice and Remedies Code, the Texas Legislature found that "an inequity is fostered on

certain contractors by the indemnity provisions in certain agreements pertaining to wells for oil, gas, or water or to mines for other minerals." *Ken Petroleum Corp. v. Questor Drilling Corp.*, 24 S.W.3d 344, 348 (Tex. 2000) (quoting TEX. CIV. PRAC. & REM. CODE § 127.002(a)). Generally, § 127.003 voids indemnity agreements that purport to indemnify a person for damage caused by his or her own negligence:

### § 127.003. Agreement Void and Unenforceable

(a) Except as otherwise provided by this chapter, a covenant, promise, agreement, or understanding contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water or to a mine for a mineral is void if it purports to indemnify a person against loss or liability for damage that:

(1) is caused by or results from the sole or concurrent negligence of the indemnitee, his agent or employee, or an individual contractor directly responsible to the indemnitee; and

(2) arises from:

(A) personal injury or death;

(B) property injury; or

(C) any other loss, damage, or expense that arises from personal injury, death, or property injury.

TEX. CIV. PRAC. & REM. CODE § 127.003.

There is, however, a statutory exception that permits indemnity agreements supported by liability insurance. *See id.* at § 127.005 (exempting indemnity agreements "if the parties agree in writing that the indemnity obligation will be supported by liability insurance coverage to be furnished by the indemnitor.").

The Frontier-XTO MSA implicates the TOAIA because Frontier and XTO entered their MSA for Frontier to furnish certain equipment, labor, and services pertaining to oil and gas drilling operations. Compl. at ¶ 14; J.A. Ex. D. However, the MSA required Frontier and XTO to obtain liability insurance, which brings the MSA under the §127.005 TOAIA exception. *See* J.A. Ex. D; *see also* TEX. CIV. PRAC. & REM. CODE § 127.005. Moreover, Great Northern and XTO do not dispute that the TOAIA applies. Therefore, the Court finds the Frontier-XTO MSA indemnity provision is valid under the § 127.005 exception of the TOAIA.

**B.** **Frontier is contractually obligated to defend and indemnify the Rusco Group because they are given the same benefits of XTO under the Frontier-XTO MSA, whom Frontier and Great Northern are currently defending and indemnifying.**

XTO and the Rusco Group contend Frontier is directly contractually obligated to defend and indemnify the Rusco Group in the *Pinela* suit, and XTO further argues that the Rusco Group is also entitled to pass-through indemnity from Frontier through XTO. XTO MSJ Br. at 13, 17; Kirkpatrick and Macon[3] MSJ Br. at 12, ECF No. 49; RigUp and Rusco MSJ Br. at 11, ECF No. 51. The Court agrees.

    1.    <u>Frontier is directly contractually obligated to defend and indemnify the Rusco Group.</u>

        *a. The Rusco Group are contractors of XTO.*

Great Northern argues that there are fact issues as to whether (1) Kirkpatrick, Kirkpatrick Oilfield Services, or Texoma are contractors of Rusco, and (2) whether RigUp

---

[3]Cody Kirkpatrick, Kirkpatrick Oilfield Services, Inc., Johnny Noel Macon Jr., and Texoma Safety Consulting, LLC jointly filed a motion for partial summary judgment.

is a party to the Rusco-XTO MSA. Great Northern MSJ Br. at 3 n.4. Rusco—a wholly owned subsidiary of RigUp—entered into the Rusco-XTO MSA with XTO. J.A. Ex. H. In addition to the Rusco-XTO MSA, Rusco had independent contractor agreements with Cody Kirkpatrick and Johnny Noel Macon, Jr., both of whom entered the agreements individually and on behalf of their respective businesses of which they are the sole owners and employees—Kirkpatrick Oilfield Services, Inc. is owned by Cody Kirkpatrick and Texoma Safety Consulting, LLC is owned by Johnny Noel Macon, Jr. J.A. Exs. G–H; XTO and Rusco Group Supp. App'x Exs. W–X. Therefore, the Court finds the Rusco Group were XTO's contractors and/or subcontractors, or employees, agents, or representatives of such contractors and subcontractors, at all relevant times. Further, the Court finds no genuine issue of material fact as to the Rusco Group's status.

> b. *The Rusco Group is entitled to the same benefits as XTO under the Frontier-XTO MSA, which includes defense and indemnity.*

Great Northern argues it owes no duty to defend or indemnify the Rusco Group because *Ogea v. Loffland Bros. Co.*, applies and that the Rusco-XTO MSA must be addressed first. Great Northern MSJ Br. at ¶ 6, 16. The Court disagrees. The Rusco Group are third-party beneficiaries and are entitled to the same benefits as XTO under the Frontier-XTO MSA as third-party beneficiaries, which include defense and indemnity.

> i. <u>*The Rusco Group are third-party beneficiaries to the Frontier-XTO MSA.*</u>

XTO and the Rusco Group argue that the Rusco Group are third-party beneficiaries to the Frontier-XTO MSA. XTO MSJ Br. at 16 n.11; XTO Reply at ¶ 11; Kirkpatrick and Macon Reply at 3. Generally, in Texas, "the benefits and burdens of a contract belong

solely to the contracting parties, and 'no person can sue upon a contract except he being a party to it or in privity with it.'" *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (quoting *House v. Hous. Waterworks Co.*, 31 S.W. 179, 179 (Tex. 1895)). "An exception to this general rule permits a person who is not a party to the contract to sue for damages caused by its breach if the person qualifies as a third-party beneficiary." *Id*. "To determine whether the contracting parties intended to directly benefit a third party and entered into the contract for that purpose, courts must look solely to the contract's language, construed as a whole." *Id.* (citing *Southland Royalty Co. v. Pan Am. Petroleum Corp.*, 378 S.W.2d 50, 53 (Tex. 1964); *Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co.*, 150 S.W.2d 1003, 1006 (Tex. 1941)). "The contract must include 'a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party,' and any implied intent to create a third-party beneficiary is insufficient." *Id.* at 103. (quoting *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011)).

"A third-party beneficiary does not have to show that the signatories executed the contract solely to benefit the non-contracting party, but rather, the focus is on whether the contracting parties intended, at least in part, to discharge an obligation owed to a third party." *In re Tex. Rangers Baseball Partners*, 498 B.R. 679, 702 (Bankr. N.D. Tex. 2013) (emphasis omitted) (citing *MCI Telecommunications Corp. v. Tex. Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999)). In an unambiguous contract, "[t]he parties' intent to create a third-party beneficiary is thus simply a contract term like any other of the contract's terms" for the court's interpretation. *First Bank*, 519 S.W.3d at 106.

Language in the Frontier-XTO MSA indicates the parties intended to benefit the Rusco Group and XTO's other contractors and subcontractors by expressly stating those contractors and subcontractors "are given the benefits of [XTO]." J.A. Ex. D at 16. Great Northern argues that XTO and the Rusco Group are not and cannot be third-party beneficiaries to the Frontier-XTO MSA based on the following provision in paragraph 14.13:

> Except as otherwise provided herein, such indemnification and assumptions of liability shall not be deemed to create any rights to indemnification in any person or entity not a party to this Contract, either as a third party beneficiary or by reason of agreement of indemnity between one of the parties hereto and another person or entity not a party to the Contract.

J.A. Ex. D at 5; Great Northern Reply at ¶ 10. However, this argument fails because the no-beneficiaries clause was modified by the phrase "[e]xcept as otherwise provided." J.A. Ex. D at 5; *Sojitz Energy Venture, Inc. v. Union Oil Co. of California*, 394 F. Supp. 3d 687, 711 n.32 (S.D. Tex. 2019) (citing *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank, Nat'l Ass'n*, 758 F.3d 592, 598–99 (5th Cir. 2014) (the no-beneficiaries clause was not dispositive because it was qualified by the modifying phrase 'except as otherwise specifically provided in this agreement,' and Chase Bank's promise to assume Washington Mutual's obligations is tantamount to creating a third-party beneficiary)). Therefore, the Court finds the Rusco Group—as contractors and/or subcontractors of XTO—are third-party beneficiaries under the Frontier-XTO MSA.

*As third-party beneficiaries, the Rusco Group are entitled to the same defense and indemnity benefits as XTO.*

An indemnity agreement is a promise to safeguard or hold the indemnitee harmless against either existing loss liability, future loss liability, or both. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). The Court construes indemnity agreements under normal rules of contract construction. *Gulf Ins. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). The primary goal is to ascertain and give effect to the parties' intent as expressed by the plain language they used in the contract. *See Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017).

The Frontier-XTO MSA provides that "[t]he indemnifications of Section 14 of this Agreement in favor of [XTO] shall extend to [XTO] and [XTO]'s other protected parties under this Contract. . ." and that "[XTO]'s . . . contractors and subcontractors of every tier, and its and their agents, employees, directors, officers, managers, representatives, servants, invitees, and consultants are given the benefits of [XTO]."[4] J.A. Ex. D at 16. The Rusco Group are third-party beneficiaries under the Frontier-XTO MSA because they are XTO's

---

[4]Great Northern relies on an unreported case from the Southern District of Texas for its contention that XTO has been made whole and is not entitled to further defense or indemnity related to XTO's defense and indemnity of the Rusco Group. Great Northern Response Br. at ¶ 7; Great Northern Reply Br. at ¶ 6; *Cantu v. Cetco Oilfield Servs. Co.*, No. 2:13-CV-62, 2015 WL 6738905 (S.D. Tex. Nov. 4, 2015). *Cantu* is factually distinguishable because the contract provision in that case specifically excluded indemnity of anyone other than actual parties to the agreement. *Id*. at *3. Frontier and XTO could have specified that only actual parties would receive defense and indemnity, but they did not. Instead, the MSA provides "[t]he indemnifications of Section 14 of this Agreement in favor of [XTO] shall extend to [XTO] and [XTO]'s other protected parties under this Contract." J.A. Ex. D at 16. Therefore, *Cantu* does not apply.

contractors and/or subcontractors and so they are provided direct benefits—i.e., defense and indemnification—from Frontier and its insurers.

In paragraph 14.8 of the Frontier-XTO MSA, Frontier explicitly agreed to "protect, defend and indemnify [XTO] from and against all claims, demands, and causes of action of every kind and character" brought by Frontier's employees or its subcontractors. J.A. Ex. D at 4. Paragraphs 14.13 and 27.11 extend the defense and indemnity to contractors, subcontractors, insurers of each, among others. *Id.* at 5, 16. Further, paragraph 27.11 provides XTO's contractors and subcontractors of every tier, and their agents, employees, among others, the "benefits of [the Operator]." *Id.* at 16.

Moreover, Great Northern concedes in its MSJ that Frontier—by and through Great Northern—"**IS** providing XTO a defense and indemnity" in the *Pinela* suit under the Frontier-XTO MSA, and that Frontier's contractual duty to defend and indemnify XTO in the *Pinela* suit is **NOT** in dispute."[5] Great Northern MSJ Br. at ¶ 2 (emphasis in original). Because the Court already found the Rusco Group to be XTO's contractors and/or subcontractors, the Court further finds that the Rusco Group is covered in the indemnity provision. As such, Frontier expressly agreed to defend and indemnify the Rusco Group.

In their MSA, XTO and Frontier agreed to allocate the risks arising from the death or bodily injury of their own employees on a broad reciprocal basis, which is typical in

---

[5]XTO alleges that Chubb sent a letter on February 8, 2019, on behalf of Great Northern and its insured, Frontier, in which it tendered defense for XTO and XTO's contractors Entrec Cranes & Heavy Haul, Thomas Utsey, and David Blackmon. XTO MSJ Br. at ¶ 2; XTO and Rusco Group Supp. App'x Ex. L at 1. While the Court has reviewed the February 8, 2019 letter, it is unclear whether Chubb, on behalf of Great Northern and Frontier, has or is currently defending Entrec Cranes & Heavy Haul, Thomas Utsey, and David Blackmon.

oil and gas drilling contracts. *Nabors Drilling USA, L.P. v. Encana Oil & Gas (USA) Inc.*, No. 02-12-00166-CV, 2013 WL 3488152, at *4 (Tex. App.—Fort Worth, July 11, 2013, pet. denied) (mem. op.) ("While we are mindful of the policy that, at drilling sites, employers are generally responsible for their own employees. . . .") (citing *Chesapeake Operating, Inc. v. Nabors Drilling USA, Inc.*, 94 S.W.3d 163, 168 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("In the standard drilling contract, [indemnity provisions] allocate costs and liability according to who hired the injured party, not who caused the accident.")); *See Energy Serv. Co. of Bowie, Inc. v. Superior Snubbing Services, Inc.*, 236 S.W.3d 190, 196 (Tex. 2007) ("In other words, . . . each party in the oilfield takes care of its own 'slice of the risk' (claims by its own employees against the other party and its contractors or subcontractors as third party beneficiaries).").

Defense and indemnification of XTO but not its "contractors and subcontractors of every tier," surely deprives the Rusco Group of the "benefits of [XTO]." Therefore, the Court finds Frontier contractually obligated to provide the Rusco Group defense and indemnity in the *Pinela* suit under the Frontier-XTO MSA.

2. Frontier also owes the Rusco Group pass-through indemnity protection.

XTO contends that in addition to direct contractual duty, Frontier also owes pass-through indemnity to the Rusco Group through XTO. XTO MSJ Br. at 17. Great Northern argues even if Frontier owes the Rusco Group pass-through indemnity, that obligation is not ripe because *Ogea* applies which—Great Northern argues—requires the Rusco Group to deplete their insurance policies prior to XTO's duty to defend and indemnify the Rusco Group. Great Northern MSJ Br. at ¶ 6; Great Northern Resp. Br. at ¶¶ 10–13. The Court

finds *Ogea* does not apply and that Frontier owes the Rusco Group pass-through indemnity in addition to the direct contractual obligation explained above.

        *a.  Ogea does not apply to this case.*

Relying on *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980), Great Northern argues Frontier's defense and indemnity obligations are not ripe until Rusco Group's insurance policies are depleted. Great Northern MSJ Br. at ¶ 6; Great Northern Resp. Br. at ¶¶ 10–13. Specifically, Great Northern argues that the Court must look to the Rusco-XTO MSA and IADC and exhaust the insurance afforded XTO by the Rusco Group prior to any duty of Frontier's to indemnify or defend the Rusco Group. Great Northern MSJ Br. at ¶ 6. The Court disagrees.

*First*, Great Northern seeks the Court's analysis of the Rusco-XTO MSA so that it may apply *Ogea* before analyzing the Frontier-XTO MSA. Great Northern MSJ Br. at ¶ 6; Great Northern Resp. Br. at ¶¶ 10–13. However, neither Great Northern nor Frontier are parties or third-party beneficiaries to the Rusco-XTO MSA, and there are no claims or counterclaims seeking declaratory judgment of the Rusco-XTO MSA. *See* J.A. Ex. H. Moreover, Frontier agreed the indemnity "shall be without regard to and without any right to contribution from any insurances maintained by [XTO]." J.A. Ex. D at 4. Therefore, the Court will not analyze the Rusco-XTO MSA as part of this Order.[6]

_____

[6]Even if the Court did analyze the Rusco-XTO MSA, it would not relieve Frontier and Great Northern of their duties owed under the earlier Frontier-XTO MSA. The Frontier-XTO MSA expressly provides that Frontier's required policy is "primary and non-contributory to any insurance of [XTO] and [XTO]'s other protected parties." J.A. Ex. D at 15.

*Second*, Great Northern asks the Court to apply *Ogea* to this case. In *Ogea*, Cecil Ogea—an employee of a contractor—brought suit against Loffland—the operator—for injuries Ogea sustained in a slip-and-fall accident that occurred on an oil drilling platform owned by Phillips Petroleum Company—the owner of the platform. *Ogea*, 622 F.2d at 187. Loffland asserted a third-party complaint against Phillips seeking indemnity. *Id*. Phillips then asserted a counter-claim against Loffland alleging that Loffland was obligated to obtain liability insurance covering Phillips and that its failure to do so constituted a breach of contract. *Id*. The contract between Phillips and Loffland provided that Loffland would indemnify and hold Phillips harmless from any claims by Loffland personnel arising out of Loffland's operation of the platform, and Phillips agreed to the same conditions with respect to any claims by Phillips personnel. *Id*. at 188. The contract also required Loffland to procure $500,000 of comprehensive general liability insurance to protect Phillips. *Id*. at 188–89. In viewing the contract as a whole, the court held that "the parties intended that Phillips would not be liable for injuries incurred on its off-shore platform up to $500,000.00." *Id*. at 190.

*Ogea* is not analogous to this case. In *Ogea*, the issue was the "interpretation of the drilling contract executed by Phillips and Loffland" and that contract alone. *Id*. at 188. Unlike in *Ogea*, Great Northern asks this Court to interpret and apply the Rusco-XTO MSA, which is not properly before the Court. Moreover, while only three Texas courts have acknowledged the existence of *Ogea*, none have adopted it as the rule under Texas

law to apply to non-maritime law cases.[7] Therefore, the Court finds *Ogea* inapplicable to this case.

### b. *Frontier owes the Rusco Group pass-through indemnity.*

XTO argues that not only does Frontier owe the Rusco Group direct contractual defense and indemnity, but that Frontier also owes the Rusco Group pass-through indemnity. XTO MSJ Br. at 17. Pass-through indemnity is not available "[a]bsent express language" and warning that "every drilling contract with a broad reciprocal indemnity puts the operator at risk for all claims by its other contractors or their employees and the operator is stuck with that liability unless the contract has a pass-through provision." *Nabors*, 2013 WL 3488152, at *5 (quoting William W. Pugh, *A Strategic Look at the Bigger Picture— Risk Allocation in Oil and Gas Operational Agreements*, 45 Rocky Mtn. Min. L. Found. J. 349, 353 (2008)).

Here, the Frontier-XTO MSA grants pass-through protection to the Rusco Group by broadening the categories of protected parties in providing that Frontier's indemnification "in favor of [XTO] shall extend to [XTO] and [XTO]'s other protected parties under this contract." J.A. Ex. D at 16. Further, it provides "[XTO]'s contractors and subcontractors of every tier, and its and their agents, employees . . . are given the benefits of [XTO]." *Id.*

---

[7]*Nabors Corp. Servs., Inc. v. Northfield Ins. Co.*, 132 S.W.3d 90, 98–99 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Helmerich & Payne Int'l Drilling Co. v. Swift Energy Co.*, 180 S.W.3d 635, 645 n.14 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("In *Nabors,* this court simply acknowledged the existence of the *Ogea* decision and decided that it was not on point. [citation omitted]. This court did not conclude that *Ogea* was the rule under Texas law.); *Hercules Offshore, Inc. v. Excell Crane & Hydraulics, Inc.*, 454 S.W.3d 70, 73 (Tex. App.—Houston [1st Dist.] 2014) (applying federal maritime law).

Therefore, based on the plain language of the Frontier-XTO MSA, Frontier owes the Rusco Group pass-through indemnity as a result of the broadening language of the protected parties.

## C.     XTO and the Rusco Group are additional insureds under the Great Northern policy.

XTO and the Rusco Group contend they are additional insureds under the Great Northern policy because Frontier agreed XTO's protected parties would be named additional insureds under the Policy and the Policy is not limited to only liability for Frontier's conduct. XTO Reply at 18–21; Kirkpatrick and Macon Resp. Br. at 8–11; RigUp and Rusco Resp. Br. at 7–9. The Court agrees.

### 1.     <u>Frontier agreed XTO and its protected parties would be named additional insureds under the Great Northern Policy.</u>

The Frontier-XTO MSA required reciprocal insurance agreements, which, as determined above, brings the Frontier-XTO MSA under the § 127.005 exception to the TOAIA. J.A. Ex. D at 4, 15–16. To satisfy its contractual insurance obligation under the Frontier MSA, Frontier obtained a $2,000,000 commercial general liability policy from Great Northern. J.A. Ex. F at 203. Paragraph 27.10 expressly provides that "[t]he insurance protection hereunder in favor of [XTO] shall extend to [XTO] and [XTO]'s other protected parties under this contract" and "[a]ll insurance policies required of [Frontier], in any way related to the work and whether or not required by this Contract, shall . . . be primary and non-contributory to any insurance of [XTO] and [XTO]'s other protected parties under this Contract." J.A. Ex. D at 15. The Rusco Group, as third-party beneficiaries, are "protected

parties" under the Frontier-XTO MSA and, as such, Frontier is contractually obligated to name them as additional insureds in their liability insurance. *Id*.

Further, under the Frontier-XTO MSA, Frontier's liability insurance is required to: "(1) name [XTO] and [XTO]'s other protected parties as additional insureds; (2) waive subrogation against [XTO] and [XTO]'s other protected parties; and (3) be primary and non-contributory to any insurance of [XTO] and [XTO]'s other protected parties." *Id*.

These provisions grant XTO and the Rusco Group the same rights to coverage as Frontier under the insurance policies and prevent Frontier or Great Northern from attempting to share a potential loss with XTO, the Rusco Group, or their insurers. *Transp. Internat'l Pool, Inc. v. Continental Ins. Co.*, 166 S.W.3d 781, 786–87 (Tex. App—Fort Worth 2005, no pet.) ("An additional insured is a party protected under a policy without being named in the policy . . . . Texas courts have consistently allowed an additional insured to seek coverage under such insurance policies."). Frontier's Policy extended coverage to, as additional insureds, persons and organizations to whom Frontier was contractually obligated to provide "primary insurance." J.A. Ex. F at 293; *Urrutia v. Decker*, 992 S.W.2d 440, 443 (Tex. 1999) ("An insurer may validly agree to add as an additional insured 'any person or organization to which the named insured is obligated by virtue of a written contract to provide insurance.'"). The Frontier MSA expressly states Frontier's required insurance policy is "primary and non-contributory to any insurance of [XTO] and [XTO]'s other protected parties." J.A. Ex. D at 15. XTO and the Rusco Group are additional insureds under the Policy and are entitled to defense and protection by Great Northern. *Transp. Internat'l Pool, Inc.*, 166 S.W.3d at 786–87.

2. <u>Great Northern's assertion that XTO and the Rusco Group are only covered under the Policy with respect to their liability "arising out of" Frontier's acts or failures is inconsistent with Texas law.</u>

Great Northern argues that neither XTO nor the Rusco Group are additional insureds under the Policy because the *Pinela* suit seeks to hold XTO and the Rusco Group liable for their own independent acts or omissions, thus, not hold them vicariously liable for Frontier's acts or omissions. Great Northern MSJ Br. at ¶ 34. The Court disagrees.

a. *The "arising out of" language in the Policy does not preclude XTO or the Rusco Group from coverage.*

Texas courts and the Fifth Circuit recognize that "arising out of" language with respect to additional insureds under liability policies is not a fault-based inquiry. *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 666 n.15 (Tex. 2008)[8] (citing *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 454–56 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *McCarthy Bros. Co. v. Continental Lloyds Ins. Co.*, 7 S.W.3d 725, 729–31 n.9 (Tex. App.—Austin 1999, no pet.); *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 496–500 (5th Cir. 2000)). The Fifth Circuit recognizes that "arising out of" has a broad meaning. *Red Ball Motor Freight, Inc. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 189 F.2d 374, 378 (5th Cir. 1951) ("'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating

---

[8]While the policy language in *Evanston* was "with respect to operations," the Court noted other courts have recognized there is no material difference between the coverage terms "arising out of operations" and "with respect to operations." *Evanston*, 256 S.W.3d 664 n.7 ("We cite cases addressing both terms because, even if there is a difference, whatever qualifies as 'arising out of operations' also qualifies under 'with respect to operations,' the broader term.").

from' 'having its origin in,' 'growing out of' or 'flowing from,' or in short, 'incident to, or having connection with'. . . .").

Here, Pinela was Frontier's employee at the time of the incident and was present at the scene because he was performing work for Frontier. Great Northern MSJ Br. at ¶ 1; Nt. of Removal Ex. E at ¶¶ 4.1–4.4. With the "arising out of" bar being so low, at the very least, Pinela's death has a connection with his employment with Frontier. "In cases in which the premises condition caused a personal injury, the injury respects an operation if the operation brings the person to the premises for purposes of that operation." *Evanston*, 256 S.W.3d at 666 (citing *Admiral*, 988 S.W.2d at 454–56 ("[I]t is sufficient that the named insured's employee was injured while present at the scene in connection with performing the named insured's business, even if the cause of the injury was the negligence of the additional insured."); *McCarthy*, 7 S.W.3d at 729–31; *Highland Park Shopping Vill. v. Trinity Universal Ins. Co.*, 36 S.W.3d 916, 918 (Tex. App.—Dallas 2001, no pet)). Therefore, the Court finds that the "arising out of" language does not preclude XTO or the Rusco Group from coverage under the Policy.

        b.     *The Policy's additional insured coverage is not limited to vicarious liability for Frontier's conduct.*

When applying Texas law, courts refuse to construe insurance policies in ways that would render coverage under the policy illusory. *See ATOFINA Petrochemicals, Inc. v. Cont'l Cas. Co.*, 185 S.W.3d 440, 444 (Tex. 2005) (rejecting insurer's proposed interpretation of policy exclusion where interpretation "would render coverage under the endorsement largely illusory"); *see also Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d

819, 828 (Tex. 1997) (rejecting interpretation of policy that "would render insurance coverage illusory for many of the things for which insureds commonly purchase insurance"). As stated by the Fifth Circuit, "Texas disfavors constructions of insurance contracts that render *all* coverage illusory." *Balfour Beatty Constr., L.L.C. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504, 515 (5th Cir. 2020) (emphasis in original) (quoting *Northfield Ins. Co. v. Herrera*, 751 F. App'x 512, 518 (5th Cir. 2018)). "But when an insurance policy will provide coverage for other claims, Texas courts are unlikely to deem the policy illusory." *Id.* (quoting *Northfield*, 751 F. App'x at 518) (citation omitted). "An insurance policy is not illusory merely because it does not provide coverage for a claim the policyholder thought it would cover." *Id.* (citing *Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 410 n.4 (5th Cir. 1995) ("Texas law does not recognize coverage because of 'reasonable expectation' of the insured.")).

The Policy states that "[a]ny person or organization designated below is an **insured; but they are insureds** only with respect to their liability arising out of your [XTO's] acts or failure to act. J.A. Ex. F at 287 (emphasis in original). The Policy continues and identifies the designated insured as "ANY PERSON OR ORGANIZATION BUT ONLY TO THE EXTENT SPECIFIED UNDER WRITTEN CONTRACT SIGNED PRIOR TO THE DATE OF AN OCCURRENCE[9] COVERED BY THIS POLICY." *Id.*

---

[9]In two footnotes, Great Northern suggests this provision of the Policy should exclude Macon and Texoma from the Policy because they did not enter into a written agreement with RigUp until the day after Pinela's injury. Great Northern Resp. Br. at 8 n.5 (citing J.A. Ex. H); Great Northern Reply Br. at 8 n.3. However, in their Agreed Joint Appendix, the parties submitted Macon and Texoma's job sheets which reveal that Macon and Texoma began performing work for XTO as early as August 22, 2017—nearly a week before Pinela's incident. J.A. Ex. G at 1.

Great Northern argues that XTO and the Rusco Group can only qualify as additional insureds under the Policy if they are "*vicariously liable* for Frontier's conduct." Great Northern Resp. Br. at ¶ 15 (emphasis in original). If the Court were to adopt Great Northern's construction, the Court would be hard-pressed to imagine a scenario where XTO and the Rusco Group could possibly be deemed additional insureds and receive coverage under the Policy. *First*, Frontier is XTO's independent contractor and vicarious liability does not extend an independent contractor's liability to an employer. XTO Resp. Br. at ¶ 35; J.A. Ex. D at 14; *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130–31 (Tex. 2018) ("The distinction is significant because, as a general rule, an employer is insulated from liability for the tortious acts of its independent contractors."). *Second*, Frontier cannot be named as a defendant in the *Pinela* suit because it carried workers' compensation insurance and neither Mr. Pinela's estate nor his children may sue Frontier. *See* Tex. Lab. Code §408.001; J.A. Ex. B at 2. *Third*, such a construction would result in a breach of the Frontier-XTO MSA. J.A. Ex. D at 15.

Great Northern's proposed construction would render the Frontier-XTO MSA and the additional insured provisions of the Policy meaningless and illusory. *ATOFINA*, 185 S.W.3d at 444; *Evanston*, 256 S.W.3d at 668 n.27 ("We cannot adopt a construction that renders any portion of a policy meaningless, useless, or inexplicable."). Therefore, the

---

Moreover, in a sworn declaration on behalf of himself and Texoma, Macon confirmed this August 22, 2017 start date and also stated that he was present at the wellsite when the Pinela incident occurred. XTO and Rusco Group Supp. App'x Ex. X. Therefore, the Court rejects the suggestion that Macon and Texoma are excluded from the Policy because the evidence is undisputed that they were contractors and/or subcontractors for XTO prior to the date of the incident.

Court finds the additional insured liability is not limited to vicarious liability for Frontier's conduct.

**D.    Attorneys' Fees**

XTO seeks attorneys' fees and costs expended in this litigation—including those it has incurred on behalf of the Rusco Group—enforcing the Frontier MSA. XTO MSJ Br. at 20; XTO Reply at 21. The Frontier-XTO MSA provides that the prevailing party in litigation enforcing the MSA shall be entitled to recover reasonable attorneys' fees and costs. Specifically, the Frontier-XTO MSA provides the following:

> If this Contract is placed in the hands of an attorney for collection of any sums due hereunder, or suit is brought on same . . . then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

J.A. Ex. D at 6. Therefore, because the Court has found XTO and the Rusco Group to be the prevailing parties, the Court finds that XTO is entitled to its reasonable attorneys' fees and costs expended in this litigation on its own behalf and on behalf of the Rusco Group.

XTO is hereby **ORDERED** to file the appropriate motion and briefing on this issue **on or before July 28, 2021.** Following the appropriate motion, non-movants will have 14 days to respond, and movant will subsequently have 7 days to reply.

**CONCLUSION**

Because Frontier owes the Rusco Group direct contractual duties to defend and indemnify and pass-through indemnity that is primary to, and unaffected by, any other insurance, and because XTO and the Rusco Group are additional insureds on the Great Northern policy, the Court finds that XTO, Cody Kirkpatrick, Kirkpatrick Oilfield Services, Inc., Johnny Noel Macon, Jr., RigUp, Inc., Rusco Operating, LLC, and Texoma

Safety Consulting, LLC's Motions for Summary Judgment should be and are hereby **GRANTED.** Consequently, the Court finds that Great Northern and Frontier's Motion for Summary Judgment should be and is hereby **DENIED.**

       **SO ORDERED** on this **14th day** of **July, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE