## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **XTO ENERGY INC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:20-cv-00775-P** |
| | § | |
| **FRONTIER DRILLING, LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff XTO Energy Inc.'s ("XTO") Motion for Attorneys' Fees and Costs and Motion for Further Relief Under 28 U.S.C. § 2202. ECF Nos. 93–94, 96–97. For the following reasons, the Court **GRANTS in part** the Motion for Attorneys' Fees and Costs and **GRANTS in part** the Motion for Further Relief Under 28 U.S.C. § 2202.

## BACKGROUND

### A.    Factual and Procedural Overview

The Court assumes the parties' familiarity with the background facts and procedural history of this case. *See* Order & Opinion, ECF No. 86. The Court will therefore limit its discussion of the background facts and procedural history to what is necessary to decide the instant motions.

The underlying dispute arose out of a master service agreement—International Association of Drilling Contractors ("IADC") Drilling Bid Proposal and Daywork Drilling Contract—between Frontier and XTO ("Frontier-XTO MSA"). *Id.* The primary issue was

whether the Frontier-XTO MSA required Frontier Drilling, LLC ("Frontier") and Great Northern Insurance Company ("Great Northern") to defend and indemnify XTO's contractors and subcontractors—Rusco Operating, LLC; RigUp, Inc.; Cody Kirkpatrick; Kirkpatrick Oilfield Services, Inc.; Johnny Noel Macon, Jr.; and Texoma Safety Consulting, LLC ("Rusco Group")—in in an underlying wrongful death lawsuit.[1] *Id.*

XTO sought a declaratory judgment against Frontier and Great Northern (collectively "Defendants") to enforce the Frontier-XTO MSA. Nt. of Removal Ex. B at ¶ 22, ECF No. 1-2. In addition to declaratory relief, XTO sought reasonable attorneys' fees. *Id.* at ¶¶ 24–25. Pertinent to the attorney-fees issue is the attorney-fees provision in the Frontier-XTO MSA. Specifically, the Frontier-XTO MSA provides:

> If this Contract is placed in the hands of an attorney for collection of any sums due hereunder, or suit is brought on same . . . then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

Agreed Joint App'x Ex. D at 6, ¶ 21, ECF No. 44-4.

After careful consideration of the cross motions for summary judgment, the Court granted XTO and the Rusco Group's Motions for Summary Judgment. Order & Opinion at 1. The Court thus resolved certain issues as a matter of law: *First*, Frontier owes the Rusco Group direct contractual duties to defend and indemnify and pass-through indemnity that is primary to, and unaffected by, any other insurance. *Id.* at 27. *Second*, XTO and the Rusco Group are additional insureds on the Great Northern Policy. *Id.* at 28. *Third*, because XTO and the Rusco Group were the prevailing parties, XTO is entitled—pursuant to the

---

[1]The underlying wrongful death lawsuit is currently pending as *Juan Pinela, et al v. XTO Energy Inc.*, Cause No. 348-301779-18, in the 348th District Court, Tarrant County, Texas.

Frontier-XTO MSA—to its reasonable attorneys' fees and costs expended in this litigation on its own behalf and on behalf of the Rusco Group. *Id.* at 27. Accordingly, the Court invited XTO to submit an appropriately supported motion for attorneys' fees and costs.

Following the Court's Order and Opinion, XTO filed the instant Motions. Defendants filed responses in opposition; XTO filed replies. The Motions are now ripe for the Court's consideration.

## LEGAL STANDARD

In a diversity case, "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "Texas adheres to the American Rule, which means that litigants may recover attorney[s'] fees only if specifically provided for by statute or contract." *Severs v. Mira Vista Homeowners Ass'n, Inc.*, 559 S.W.3d 684, 706 (Tex. App.—Fort Worth 2018, pet. denied) (Pittman, J.); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006).

### A.    Legal Authorization for Attorneys' Fees

Texas Civil Practice and Remedies Code § 38.001(8) establishes that a party "may recover reasonable attorney[s'] fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). But, before a party is entitled to fees under § 38.001, that "party must (1) prevail on a cause of action for which attorney[s'] fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

3

Parties are free, however, to contract for recovery of attorneys' fees without regard to the statutory limitations of § 38.001. *Severs*, 559 S.W.3d at 706; *see also Intercontinental Grp. P'ship*, 295 S.W.3d 650, 653 (Tex. 2009) (stating that Chapter 38 does not control where parties negotiated for an attorney-fee provision). And where parties arrange for the recovery of attorneys' fees as a contractual term, "the terms of the contract, not statute, control the outcome of the case." *Mohican Oil & Gas, LLC v. Scorpion Expl. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied).

**B.      Reasonableness and Necessity of Attorneys' Fees and Costs**

"When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney[s'] fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019); *See also Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017) ("The party seeking recovery bears the burden of proof to support the award."). Trial courts have discretion to determine the appropriate amount of attorneys' fees. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 614 (5th Cir. 2000).

Because attorneys' fees are not recoverable unless authorized by statute or contract, Texas courts have stated that "segregation is an essential component of the reasonableness that a party must show in a request for attorney[s'] fees." *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 494 (5th Cir. 2004). Thus, under Texas law, there is a general duty to segregate recoverable attorneys' fees from non-recoverable attorneys' fees and to segregate the attorneys' fees owed by different parties. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–12 (Tex. 1991); *see also Tony Gullo Motors*, 212 S.W.3d at

4

310–11 (stating that a party must segregate the attorneys' fees attributable to claims for which fees are recoverable from those that are not recoverable).

There is no duty to segregate fees, however, where "the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of the same facts, so as to render attorney[s'] fees inseparable." *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). In other words, there is no duty to segregate attorneys' fees where the causes of action involved in the suit depend upon the same set of facts or circumstances and are therefore intertwined to the point of being inseparable. *Stewart Title Guar. Co.*, 822 S.W.2d at 10–12.

Under Texas law, the Court uses the "lodestar method," a "short hand version" of the *Arthur Andersen* factors,[2] to determine reasonable and necessary attorneys' fees. *See, e.g.*, *Rohrmoos Venture*, 578 S.W.3d at 497–98 ("[W]e intended the lodestar analysis to apply to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed."); *Gabbanelli Accordions & Imps., L.L.C. v. Hohner, Inc.*, No. H-12-0381, 2014 WL 6674145, at *1 (S.D. Tex. Nov. 4, 2014) (Rosenthal, J.)

---

[2]The factors for determining whether an award of attorneys' fees is reasonable are:  (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818. (Tex. 1997).

(concluding that "both federal and state law require primary reliance on the lodestar method").

Under the lodestar method, the Court "must first determine a base lodestar figure based on reasonable hours worked multiplied by a reasonable hourly rate." *Rohrmoos Venture*, 578 S.W.3d at 501. The base lodestar figure represents presumptively reasonable and necessary attorneys' fees. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012); *see also Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391–92 (5th Cir. 2016). Although the lodestar is presumed reasonable, a court may adjust the lodestar up or down if relevant factors indicate an adjustment is necessary. *Rohrmoos Venture*, 578 S.W.3d at 500–01. The party seeking attorneys' fees has the burden to provide sufficient evidence of the reasonable hours worked and the reasonable hourly rate. *Id.* at 498.[3] "Likewise, if a fee opponent seeks a reduction, it bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Id.* at 501.

Although this Court must articulate and clearly apply the correct criteria in determining fee awards, the Fifth Circuit does not require "findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*,

---

[3]"Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 502.

517 F.3d 220, 228–29 (5th Cir. 2008) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir. 1995)).

## ANALYSIS

### A.    Motion for Attorneys' Fees and Costs

XTO requests reasonable attorneys' fees and costs in the amount of $367,496.29.[4] Pl.'s MAFC at 2, ECF No. 96. In addition, XTO seeks conditional (conditioned on XTO being successful on appeal) appellate fees in an amount between $120,000–$130,000 for handling an appeal in the Fifth Circuit Court of Appeals *and* an additional $30,000–$40,000 if the Fifth Circuit orders oral argument. *Id.* In total, XTO therefore requests between $487,496.29–$537,496.29 in attorneys' fees and costs.

Defendants raise various arguments opposing XTO's Motion for Attorneys' Fees and Costs.[5] *See* Defs.' MAFC Resp., ECF No. 100. Defendants first argue that XTO is not entitled to recover *any* attorneys' fees or costs, because the Texas Declaratory Judgment Act (TDJA) cannot be the basis for recovering fees in a diversity action; because  XTO did not properly plead the provision in their operative complaint; and because the attorney-fees provision, itself, does not support the awarding of fees incurred in the present litigation. *Id.* at 2–7. Defendants next argue that XTO failed to meet its burden to segregate its fees. *Id.*

---

[4]XTO's request includes $360,767.50 in attorneys' fees and $6,728.79 in costs. Included in the $360,767.50 request is $14,300.000 in reasonable and necessary fees for reviewing and replying to responses to this Motion and XTO's Motion for Further Relief under 28 U.S.C. § 2202 that XTO reasonably anticipates incurring. For the reasons set forth below, the Court declines to include this amount in its award of attorneys' fees and costs.

[5]Except for the requested conditional award of appellate fees, Defendants do not object to the reasonableness of XTO's requested attorneys' fees and costs.

at 7–9. Finally, Defendants argue that the appellate fee request is inadequately supported and not reasonable under the law. *Id.* at 10. Although the Court finds the first and second arguments to be without merit, the Court agrees—albeit for different reasons—that XTO is not entitled to their request for conditional appellate fees, at this time.

  1. <u>As previously determined as a matter of law, XTO is entitled to its reasonable attorneys' fees pursuant to the Frontier-XTO MSA attorney-fee provision.</u>

The Court's Order and Opinion specifically granted XTO the right to seek reasonable attorneys' fees and costs expended in this litigation on its own behalf *and* on behalf of the Rusco Group as a matter of law. Order & Opinion at 27. The nature of this right is found in the Frontier-XTO MSA—the written contract at the center of this litigation. It provides that the prevailing party in litigation enforcing the MSA shall be entitled to recover reasonable attorneys' fees and costs. Agreed Joint App'x Ex. D at 6, ¶ 21. Nevertheless, Defendants assert three arguments as to why XTO is not entitled to recover *any* attorneys' fees and costs—none have merit.[6]

Defendants first argue that the TDJA cannot be the basis for recovering fees in a diversity action. Defs.' MAFC Resp. at 2, ¶ 2, ECF No. 100. In support, Defendants cite *Utica Lloyd's of Texas v. Mitchell* for its holding "that a party may not *rely* on the Texas

---

[6]Before analyzing the Defendants' arguments, the Court notes that XTO requested attorneys' fees in its pleadings and requests and briefed the issue of attorneys' fees and costs in its summary-judgment motions and briefs. Nt. Removal Ex. B at ¶¶ 24–25; Pl.'s MSJ Br. at 20, ¶ 29, ECF No. 41. Yet, in their summary-judgment motions or briefs, Defendants failed to raise any arguments as to why attorneys' fees and costs were improper in this litigation. *See generally* Defs.' MSJ Br., ECF No. 43. Accordingly, the Court questions whether it must address these arguments or whether Defendants' failure to raise these arguments at the summary judgment stage constitutes a waiver. Nevertheless, for the reasons set forth below, the Court considers—and rejects— Defendants' arguments.

DJA to *authorize* attorney[s'] fees in a diversity case because the statute is not substantive law." 138 F.3d 208, 210 (5th Cir. 1998) (emphasis added). In response, XTO maintains that they are not relying on the TDJA; rather, they are relying on the operative contract between the parties—the Frontier-XTO MSA. Pl.'s MAFC Reply at 3, ¶¶ 6–7, ECF No. 106. The Court agrees with XTO.

A close reading of *Utica Lloyd's* reveals Defendants' reliance on the case is misplaced. In *Utica Lloyd's*, the central issue was whether the TDJA—a procedural statute with a provision authorizing attorneys' fees—was substantive for *Erie* purposes. *Id.* After determining that the statute was procedural—thus resolving the *Erie* issue—the Fifth Circuit held that a party could not rely on the TDJA to *authorize* attorneys' fees in a diversity action. *Id.* The Fifth Circuit, therefore, drew an important distinction between the TDJA authorizing attorneys' fees in a diversity action (which is improper under *Utica Lloyd's*) and the "controlling substantive law permit[ting] such recovery" (which is proper under *Utica Lloyd's*). *Id.*

The Fifth Circuit did not place, as defendants argue, a complete bar on attorneys' fees in diversity actions originally brought under the TDJA. Instead, the Fifth Circuit merely reaffirmed a non-remarkable principle: Texas substantive law, and not Texas procedural law, governs diversity actions. Under Texas substantive law regarding attorneys' fees, "[p]arties are free to contract for a fee-recovery standard either looser or stricter" than the statutory fee-recovery standards. *See Intercontinental Grp. P'ship*, 295 S.W.3d at 653. And where the parties have negotiated an attorney-fee provision, "courts are bound by the parties' choice." *See Mohican Oil & Gas*, 337 S.W.3d at 321 (awarding

9

attorneys' fees in a declaratory judgment action, brought under the TDJA, pursuant to an identical attorney-fee provision—not pursuant to the statutory attorney-fee provision in the TDJA). Thus, under the controlling substantive law, the attorney-fee provision in the Frontier-XTO MSA controls. And because this Court determined that XTO is entitled to attorneys' fees and costs under the attorney-fee provision in the Frontier-XTO MSA as a matter of law, there is no reliance on the TDJA—and thus no bar—for an award of attorneys' fees in the present dispute.

Defendants next argue that XTO cannot rely on the attorney-fee provision under the Frontier-XTO MSA because XTO did not properly plead the provision in their operative complaint. Defs.' MAFC Resp. at 3–4, ¶¶ 5–8. In response, however, XTO points out that not only is the request for attorneys' fees supported by XTO's pleading, but it was also made separate from their request for declaratory relief. *See* Pl.'s MAFC Reply at 3–4, ¶¶ 8–9. In the alternative, XTO argues that even if pleading did not give Defendants proper notice, the provision was placed in issue by the motions for summary judgment and tried by consent. Pl.'s MAFC Reply at 4, ¶ 10. The Court agrees with XTO.

A cursory review reveals that XTO's original pleadings contained its request for reasonable attorneys' fees. *See* Nt. of Removal Ex. B at ¶¶ 24–25. Further, XTO sought and briefed the recovery of attorney fees under the Frontier-XTO MSA provision in their motions for summary judgment. Pl.'s MSJ Br. at 20, ¶ 29, ECF No. 40. Rather than present arguments explaining why the MSA does not provide attorneys' fees at the summary judgment stage, however, Defendants neither responded nor acknowledged the attorney-fee issue in their motions or briefs. Therefore, because the issue was "raised at a

pragmatically sufficient time," and because the Defendants were "not prejudiced in [their] ability" to either respond or object to the attorneys' fee issue, Defendants cannot now assert a pleading deficiency—especially after the Court determined that XTO is entitled to attorneys' fees under the MSA as a matter of law. *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019); *see also Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (finding that it was sufficient for a party to raise a defense in a motion for summary judgment as long as it was raised at a "pragmatically sufficient time" and the other party "was not prejudiced"). Accordingly, even if the Defendants lacked notice, an argument in which the Court cannot agree, the issue was tried by consent and "must be treated in all respects as if raised in the pleadings." FED. R. CIV. P. 15(b)(2).

Defendants finally argue that the attorney-fee provision, itself, does not support the awarding of fees incurred in the declaratory judgment action. Defs.' MAFC Resp. at 5, ¶¶ 9–13. The Court disagrees. As stated above, the Court resolved this issue at the summary judgment stage when it interpreted the text of the attorney-fee provision as granting fees to the prevailing party as a matter of law. *See* Order & Opinion at 27. As the prevailing party, XTO is thus entitled to recover its own fees and the fees it has incurred on behalf of the Rusco Group. The cases relied upon by Defendants—interpreting contracts *without* an attorney-fee provision under the laws of states *other* than Texas—do not alter the underlying language of the provision or demand a different interpretation by this Court. *See, e.g.*, *Mohican Oil & Gas*, 337 S.W.3d at 321 (determining the prevailing party in a declaratory judgment action was entitled to its reasonable attorney fees under a provision identical to the provision found in the Frontier-XTO MSA).

11

Accordingly, none of the arguments raised by Defendants cause the Court to reconsider its prior holding: The attorney-fee provision of the Frontier-XTO MSA entitles XTO to seek its reasonable attorneys' fees and costs expended in this litigation on its own behalf and on behalf of the Rusco Group. Order & Opinion at 27. The Court now turns to the reasonableness of the requested fees.

> 2.    The attorneys' fees and costs requested by XTO are reasonable and need not be segregated.

XTO seeks a combined total of $367,496.29 in reasonable and necessary attorneys' fees and costs. Pl.'s MAFC at 2, ¶ 3. Defendants do not contest the reasonableness or necessity of the attorneys' fees and costs. Instead, Defendant argue that XTO failed to satisfy their duty and burden to segregate recoverable attorneys' fees from non-recoverable attorney fees *and* to segregate the attorneys' fees owed by different parties. Defs.' MAFC Resp. at 7–9, ¶¶ 17–21. The Court disagrees. XTO, as the party seeking to recover attorneys' fees, has satisfied their burden of demonstrating that segregation is not required.

As stated above, a "recognized exception to the duty to segregate arises when the attorneys' fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.'" *Stewart Title Guar. Co.*, 822 S.W.2d at 11 (*quoting Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)).

Here, XTO sought declaratory relief regarding the Frontier-XTO MSA; no other causes of action were asserted. Accordingly, besides a claim for attorneys' fees under the

MSA, there are no claims involving non-recoverable attorney fees that must be segregated. Further, throughout the litigation, Frontier adopted every motion, brief, and position taken by Great Northern. ECF Nos. 46, 52, 54, 71, 102–03. After taking a unified approach, the Defendants cannot now act as completely disconnected entities with different interests and different obligations—especially when such an argument is asserted from a joint motion and brief. The Defendants' obligations to XTO and the Rusco Group are therefore so inextricably intertwined with the Frontier-XTO MSA that they are inseparable.

Recognizing that there is only one claim for relief at issue, Defendants attempt to argue that not all work done to advance the claim is recoverable. For example, Defendants assert any fees incurred by XTO in seeking remand should not be recoverable because it did not help XTO ultimately prevail. This argument is also lacking. *See, e.g.*, *Feldman v. KPMG LLP*, 438 S.W.3d 678, 687–88 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (determining that no segregation of fees was required where all of the services were incidental to the outcome of the claim even if the service did not affect the ultimate resolution of the claim); *Lindley v.* McKnight, 349 S.W.3d 113, 134–36 (Tex. App.—Fort Worth 2011, no pet.) (refusing to require a party to segregate out attorneys' fees related to an unsuccessful motion to transfer venue in a declaratory judgment action). Here, although the motion for remand did not affect the ultimate resolution of the claim, the Court considers it to be incidental to the pursuit of XTO's declaratory judgment claim. Thus, XTO is under no obligation to segregate between recoverable and unrecoverable fees or between the Defendants.

Although Defendants do not challenge the reasonableness of the fees requested, the Court nonetheless considers the request to be reasonable. Under *Rohrmoos Venture*, XTO has the burden of providing sufficient evidence to prove reasonableness and necessity of the attorneys' fees. Here, the amount requested is presented as the product of a reasonable rate multiplied by reasonable hours, and includes time spent by several attorneys and paralegals over the course of the litigation. Pl.'s MAFC Br., ECF No. 97. Further, XTO's motions and briefs contain detailed time sheets and multiple declarations from lead counsel, all of which the Court carefully reviewed. *Id.*; Pl.'s MAFC App'x, ECF No. 98.

And even considering the *Arther Anderson* factors, the Court finds the fees to be reasonable and necessary. Because of the complexity of the case between the Plaintiff and Intervenor Plaintiffs, three separate law firms billed hours. Those three firms charged an hourly rate of $286.00, $313.00, and $329.00 for all work completed by attorneys in the case. Pl.'s MAFC Br. at 4–9. Further, the three firms charged an hourly rate of $120.00, $192.00, and $150.00 for all work completed by staffed paralegals. *Id.* The Court finds that these fees are customary and in conformity with prevailing market rates for attorneys and paralegals with similar skill and experience in the community; the rates charged were therefore reasonable and necessary to prosecute this action.

      3.    <u>The Court denies, without prejudice, the request for anticipated fees and costs not yet incurred and conditional appellate fees.</u>

The Court now turns to XTO's inclusion of reasonably anticipated fees not yet incurred and XTO's request for conditional (conditioned on XTO being successful on

appeal) appellate fees in its Motion for Attorneys' Fees and Costs. For the reasons below, the Court denies both requests without prejudice.

XTO requests $14,300 in attorneys' fees for the reasonable and necessary fees that XTO reasonably anticipates to incur from reviewing and replying to responses to the Motions before the Court. Pl.'s MAFC at 2, ¶ 3 n.2. Although such fees are recoverable, the Court denies this request without prejudice. *See, e.g.*, *Bennigan's Franchising Co., LLC v. Team Irish, Inc.*, No. 3:11-CV-0364-D, 2011 WL 3903068, at \*2 (N.D. Tex. Sept. 6, 2011) (Fitzwater, J.). If, and when, additional fees are incurred as a result of this litigation, XTO may submit their request for an award of additional fees at that time. *See, e.g.*, *Wright v. Blythe–Nelson*, No. 3:99-CV-2522-D, 2004 WL 2870082, at \*4 n.6 (N.D. Tex. Dec. 13, 2004) (Fitzwater, J.).

XTO further requests an award of conditional appellate attorneys' fees. Pl.'s MAFC at 2, ¶ 4. It is well-settled under Texas law that appellate attorneys' fees can be included in a trial court's award of attorneys' fees. *See Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.—Fort Worth 2004, no pet.). However, "[t]he issue of appellate attorney[s'] fees is a matter for the district court following the resolution of an appeal." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003); *see also Penton v. Am. Bankers Ins. Co. of Fla.*, 115 F. App'x 685, 686–87 (5th Cir. 2004); *Bennigan's Franchising Co., LLC*, 2011 WL 3903068, at \*2. XTO may apply for an award of such fees if, and when, such fees are incurred. *See, e.g.*, *Wright v. Blythe–Nelson*, 2004 WL 2870082, at \*4 n.6. Defendant's objection to the request for contingent appellate fees is therefore sustained.

15

Accordingly, XTO's Motion for Attorneys' Fees and Costs is **GRANTED in part**; XTO is therefore awarded $353,196.29 in attorneys' fees and costs. However, XTO's requests for reasonably anticipated fees not yet incurred and conditional appellate attorney fees are **DENIED without prejudice**.

**B.     Motion for Further Relief Under 28 U.S.C. § 2202**

Pursuant to 28 U.S.C. § 2202, XTO contends that it is entitled to further relief for the attorneys' fees and costs incurred to date on behalf of the Rusco Group in the underlying *Pinela* suit. Pl.'s MFR, ECF No. 93. XTO requests reasonable attorneys' fees in the amount of $422,149 and costs in the amount of $20,315.05. *Id.* XTO also seeks all interest as allowed by law, including 18% interest under Texas law. *See* Pl.'s MFR Br. at 10, ECF No. 94; TEX. INS. CODE § 542.060. Defendants do not take any issue with the necessity or reasonableness of the attorneys' fees and cost sought by this motion. Defs.' MFR Resp. at 1–2, ¶ 1.[7]

Defendants do object, however, to XTO seeking statutory penalty interest, pursuant to Texas Insurance Code Section 542.060(a), under Texas's Prompt Payment of Claims Act ("PPCA"). Accordingly, because Defendants raise no challenge to the necessity or reasonableness of the request for fees and costs, the Court need only decide whether XTO is entitled to 18% statutory interest under Chapter 542 of the Texas Insurance Code.

---

[7]Although Defendants do not object to the reasonableness or necessity, the Court nonetheless reviewed the request. After carefully reviewing the motions, briefing for both parties, the record, and the relevant factors, the Court determined that the requested fees and costs are reasonable and necessary. *See* Pl.'s MFR; Pl.'s MFR Br.; Pl.'s MFR App'x, ECF No. 95.

16

Defendants object to the addition of the statutory interest simply because XTO's operative complaint failed to plead a claim under the PPCA. Under Defendants' theory, failing to plead a claim under the PPCA bars a court from awarding statutory interest. The Court cannot agree with this reading of Texas law.

Federal Rule of Civil Procedure 54(c) requires that every final judgment—other than a default judgment—"grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54(c); *see also Nelson v. Safeco Ins. Co. of Ind.*, No 4:20-CV-00974-P, 2021 WL 977074, at *3 (N.D. Tex. Mar. 16, 2021) (Pittman, J.) ("[U]nder Texas Insurance Code 542.060(a), insurers are liable for attorneys' fees, regardless of whether the pleadings demanded them."); *Agredano v. State Farm Lloyds*, No. SA-15-CV-01067-RCL, 2018 WL 3579484, at *4 (W.D. Tex. July 25, 2018) (Lamberth, J.) ("Therefore, Rule 54(c) requires that statutory interest and attorney[s'] fees be awarded where appropriate regardless of whether the pleadings demanded them."). Therefore, the argument made by Defendants—that the failure to plead a claim under the PPCA bars recovery at the statutory rate of 18%—lacks merit.

But the request for statutory interest is not yet ripe. "Under the PPCA, an insurer that is 'liable for a claim under an insurance policy' and fails to promptly respond to, or pay, the claim in accordance with the statute becomes liable to the policy holder or beneficiary for the amount of the claim, as well as an 18 percent per annum statutory penalty and reasonable attorney[s'] fees." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018) (quoting TEX. INS. CODE §§ 542.051–.061). A party seeking to recover such penalties and attorneys' fees under the PPCA "must establish that:

'(1) a claim was made under an insurance policy, (2) the insurer is liable on the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim.'" *Id.* (quoting *United Nat. Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd)).

In the Court's Order and Opinion, the Court found that, as the prevailing party, XTO is entitled to reasonable attorneys' fees and costs expended on behalf of the Rusco Group. Opinion & Order at 27. On July 29, 2021, XTO emailed Defendants a link to download the invoices reflecting the fees and costs incurred by XTO on behalf of the Rusco Group in the *Pinela* Suit. Pl.'s MFR Br. at 10. It is therefore clear that XTO made a claim under an insurance policy and that Defendants are liable on the claim. It is unclear, however, whether payment has been delayed for more than 60 days. *See* TEX. INS. CODE § 542.058(a) (specifying that when an insurer delays payment of a claim for more than 60 days, the insurer shall pay damages and other items provided in § 542.060). The Appendix submitted in support of the Motion for Further Relief Under 28 U.S.C. § 2202 stipulates that the email was sent on July 29, 2021, which marks the start of the 60-day clock. Pl.'s MFR App'x Ex. A at 7, ¶ 21, ECF No. 95-1. Accordingly, the 60-day clock does not expire—and this issue does not become ripe—until September 27, 2021.

Thus, XTO's Motion for Further Relief Under 28 U.S.C. § 2202 is **GRANTED in** part; XTO is therefore awarded $442,464.05 in attorneys' fees and costs. However, because XTO has not satisfied its burden in proving that it is entitled to statutory interest, the Court **DENIES without prejudice** the request to impose statutory interest. If Defendants fail to

issue payment in accordance with Texas's PPCA, XTO can file a new motion for statutory interest.

## CONCLUSION

It is therefore **ORDERED** that XTO shall recover from Defendants reasonable and necessary attorneys' fees in the amount of $346,467.50 and costs in the amount of $6,728.79. XTO's request for reasonably anticipated fees not yet incurred and conditional appellate attorney fees is **DENIED without prejudice**.

It is therefore **ORDERED** that XTO shall recover from Defendants reasonable and necessary attorneys' fees in the amount of $422,149 and costs in the amount of $20,315.05. XTO's request for all interest as allowed by law, including 18% interest under Texas law is **DENIED without prejudice**.

**SO ORDERED** on this **20th Day of September, 2021**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

19